IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT EDWARD PAYNE,**                                                                           **PETITIONER**

**V.**                                                 **NO. 3:00CR145-GHD**

**UNITED STATES OF AMERICA,**                                            **RESPONDENT**

### MEMORANDUM OPINION

Presently before the court is Robert Payne's, a *pro se* federal inmate, § 2255 motion in which he is seeking to vacate or reduce his sentence. Having reviewed the petition, the court finds that the motion is not well taken and shall be denied.

*A. Factual and Procedural Background*

In October 2000, a cooperating witness Luther Saulsbury, informed Special Agent Jim Holland, DEA, that he had in the past purchased crack cocaine from Robert Payne. Saulsbury described Payne's residence in Marshall County, Mississippi and his vehicle. Saulsbury also provided agents with Payne's cell phone number and explained that Payne had an outstanding warrant for his arrest in Chicago. Agent Holland was able to confirm the cell phone number belonging to Payne and the existence of the outstanding warrant issued in Illinois. Acting under the supervision of the DEA and Mississippi Bureau of Narcotics ("MBN"), a drug buy was arranged. Saulsbury contacted Payne on his cell phone. During the conversation, which was recorded, Saulsbury agreed to purchase 4 ½ ounces of crack cocaine for $3,5000 from Payne. The following day, with the supervision of DEA agents and MBN officers, another monitored call was placed. Payne agreed to deliver the drugs to Saulsbury's home. Agents observed Payne depart his residence in his car, as described by Saulsbury. After a chase, agents eventually stopped Payne and placed him under arrest.

A warrantless search of Payne's car and residence was conducted. The search of the car resulted in the seizer of a pistol under the driver's seat. A drug dog was used to search the car and alerted on rear seat where agents found 4 ½ ounces of cocaine. After a search of the residence that Payne shared with his girlfriend, agents found an unregistered short barrel shotgun.

On October 19, 2000, Petitioner was charged in a four count indictment as follows:

Count One: knowingly and intentionally possessing with intent to distribute in excess of 50 grams of crack cocaine;

Count Two: knowingly possessing a firearm in furtherance of a drug trafficking crime;

Count Three: knowingly possessing a firearm as a previously convicted felon; and

Count Four: knowingly possessing an unregistered short-barreled shotgun.

Petitioner's first defense attorney, Johnny Walls, filed a motion to suppress the warrantless search and seizure. A hearing was held and the motion was denied as to the search of the car and seizure of evidence contained therein. The court delayed a ruling as to the search of the residence. Luanne Stark Thompson replaced Mr. Walls as Payne's trial counsel. Prior to trial Ms. Thompson reasserted the motion to suppress. During trial, but outside the presence of the jury, the court heard the second motion to suppress. The second motion covered substantially the same issues as the first motion. Paying particular attention the circumstances surrounding the search of the residence, the court denied the second motion finding that Payne had consented to the search. The matter was presented to the jury and a verdict of guilty was returned on all counts.

Payne was sentenced to 352 months imprisonment, consisting of 292 months on Count One, 120 months on Count Three and Four, to be served concurrently, and 60 months on Count Two to be served consecutively. Payne appealed his case arguing, *inter alia*, that the court erred in refusing to suppress the evidence obtained from the search of his residence and car. In an unpublished

opinion, the Fifth Circuit Court of Appeals affirmed Payne's conviction and sentence. *U.S. v. Payne*, No. 02-60029, 2003 WL 22508424 (5th Cir. Nov. 5, 2003).

On December 27, 2004, Payne filed the 2255 motion to vacate his sentence.[1] Petitioner sets forth eight separate grounds for relief which the court has distilled into four categories:

Ground One:   Petitioner challenges the search of his car and residence;

Ground Two:   Petitioner argues that he was never read appropriate Miranda Rights;

Ground Three: Petitioner contends that he received ineffective assistance of counsel; and

Ground Four:  Petitioner claims that a jury and not the court should have decided any sentencing enhancing factors.

*B. Discussion*

Ground One

Petitioner contends that the search of his car and residence violated the Fourth Amendment. Petitioner's arguments are reminiscent of his two motions to suppress that were both denied by this court which was affirmed on appeal. It is well settled that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also United States v. Nation*, 229 Fed. Appx. 288, 2007 WL 1289876 (5th Cir. May 3, 2007). Accordingly, Ground One is summarily denied.

Ground Two

Petitioner's arguments in Ground Two also commingle challenges to the searches. Removing the extraneous claims, Petitioner simply argues that he was never given a *Miranda* warning

---

[1] Petitioner has submitted and the court has also reviewed and considered several motions to amend along with the original petition.

following his arrest. Petitioner does not annotate this claim with specific facts but makes conclusory and unsupported allegations. Furthermore, Petitioner has failed to preserve the issue for consideration.

Generally, even though timely filed, a defendant can not raise an issue for the first time on collateral review without a showing of both "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168, 102, S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *United States v. Webster*, 392 F.3d 787, 799 (5th Cir. 2004). To satisfy the "cause" standard, a petitioner must show that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors may include a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion. *Id.* at 993.

The court finds that Payne has not discussed or demonstrated the necessary cause or prejudice to overcome the procedural bar. Additionally, it is worth noting that this court and the Court of Appeals determined that Payne had voluntarily consented to the search of the residence and the car. During the motion to suppress hearing, agents testified that Payne told them he wanted to cooperate with them and even encouraged his girlfriend to do the same. Payne's expression of his intent to "cooperate" indicates that he understood he had the option not to cooperate with the searches and through any statements. Payne's exhibits further defeat his claim. The "Report of Investigation" attached to Payne's motion indicates that immediately after exiting his car "Deputy McMillen placed Payne into custody and *advised him of his rights*." (Emphasis added). Thus, Payne's unsupported allegations are not appropriate for habeas relief. *See United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984).

Ground Three

4

In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

>   First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy both prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption. *Id.* at 689. As long as the defendant understood the length of time he might possibly receive in his sentence, he was fully aware of his plea consequences then his guilty plea was not unknowing or involuntarily, even if he received erroneous advice of counsel regarding the sentence likely to be imposed. *U.S. v. Sana Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

Petitioner's claim is largely based upon his counsels' failure to succeed on the two extensively considered motions to suppress.[2] Payne contends the denial of two suppression motions was due to counsels' failure to conduct an adequate pre-hearing investigation. Specifically, Payne explains that Frank Jones, his uncle, testified that the car Payne was driving when arrested belonged to him, Jones, along with the gun located under the driver's seat. Jones stated that Payne was unaware of the gun. Payne contends that both counselors were deficient because they did not

---

[2] By parring Payne's ineffective assistance of counsel argument, the court paints with a broad brush. His lengthy memorandum contains numerous subcategories of ineffective assistance of counsel. Payne, however, who is apparently reasonably versed in quoting and citing case law, frequently fails to interject how the relevant law pertains to the facts of his case.

5

convince the court that Frank Jones was the actual and original owner of the car and because they did not obtain his finger prints from the gun.

All this information was before the court when both rulings on the motions to suppress were announced. During the suppression hearings, both counselors made arguments related to the ownership of the car and the gun. Attorney Thompson continued her objections during trial to the admission of evidence seized. The reasons the court declined to suppress the evidence had little to do with any purported inefficient "lawyering." Rather, the proper focus was placed on the facts–who possessed and controlled the car and the weapon, not actual ownership. There was no room to dispute that Payne possessed and controlled the car and the weapon. No amount of skillful legal maneuvering could change the facts. Therefore, there was no error and both counselors zealously pursued the motions to suppress as best they could given the irrefutable facts.

Next, Payne argues that trial counsel failed to advise him to plead guilty in light of the strong case against him. He complains that if he had pled guilty he would have at least received a three point reduction for acceptance of responsibility which would have reduced his sentence. The argument is simply meritless.

Payne was in the best position to know the strength of the government's evidence. His attorney would have held the same knowledge and should have provide appropriate advise. While counsel is to provide guidance as to the entry of a plea, it is ultimately the defendant's decision to enter a plea or proceed to trial. The ultimate decision to enter a plea or proceed to trial lies only with the accused. *Florida v. Nixon*, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). Furthermore, a defendant has no absolute right to have a guilty plea accepted and the court may reject such a plea. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Absent an error of constitutional magnitude, Petitioner should not now be heard to complain about the consequences of decisions he made. Given the evidence along with Petitioner's admissions and statements, both

counselors acted reasonably and effectively in all respects regarding their respective representation of Petitioner.

Ground Four

In his final argument, Petitioner claims his sentence was enhanced by facts not found by a jury but by the judge. For support of his claim, Petitioner relies on *U.S. v. Blakely*, 540 U.S. 1174, 124 S.Ct. 1493, 158 L.Ed.2d 75 (Feb. 23, 2004), and *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). The Achilles heal of Ground Four is that Petitioner's conviction and sentence became final well before either *Blakely* or *Booker* was decided.

The court need look no further than the *Booker* opinion to determine that its holding applies only to those cases pending on direct review or not yet final on January 12, 2005. *Booker*, 125 S.Ct. at 769. The Fifth Circuit has also held *Booker* does not apply retroactively to cases on collateral review and therefore, the holding does not apply to an initial 28. U.S.C. § 2255 motion such as the case *sub judice*. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Petitioner's case and appeal were final long before the January 12, 2005, cutoff date, as the court entered judgment December 18, 2001, and the Fifth Circuit affirmed Petitioner's conviction on November 5, 2003. As such, the instant case is not one to which *Blakely* or *Booker* applies.

*C. Conclusion*

Consistent with the foregoing discussion Petitioner's § 2255 motion shall be denied in all respects. The instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 19th day of October, 2007.

/s/ Glen H. Davidson  
Senior Judge